UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

FRANCISCO ACOSTA ASTORGA,

        Defendant.

                              /

NO. CR. 99-270 WBS GGH

ORDER

----oo0oo----

        The parties request a status conference in order to clarify the procedural posture of this case in light of the following sequence of events. In lieu of a status conference, this Order constitutes the court's response to the questions raised in the parties' request.

        On June 12, 2008, the Magistrate Judge issued Findings and Recommendations ("F&Rs") denying Francisco Acosta Astorga's petition for habeas corpus brought under 28 U.S.C. § 2255. Acosta subsequently filed objections to the F&Rs on July 2, 2008, which argued, <u>inter alia</u>, that the Magistrate Judge improperly

dismissed the petition without holding an evidentiary hearing. (See Objections to F&Rs (Docket No. 177) at 7, 13-16, 29, 33-34, 37-38.) This court then held oral argument on October 27, 2008, regarding Acosta's objections and, in an abundance of caution, scheduled an evidentiary hearing on December 1, 2008, to permit Acosta to present any relevant and competent evidence in support of his petition.

After the oral argument on October 27, 2008, Acosta abandoned his request for an evidentiary hearing and instead filed a motion for summary judgment. (See Docket Nos. 183, 191.) Acosta now wishes to proceed on his motion for summary judgment, while the Government insists that the court first resolve Acosta's objections to the Magistrate Judge's F&Rs.

In reviewing a magistrate judge's findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). It is well-established that under the statutory provisions governing magistrate judges, "[t]he authority--and the responsibility--to make an informed, final determination . . . remains with the [district court] judge." United States v. Raddatz, 447 U.S. 667, 682 (1980) (quoting Mathews v. Weber, 423 U.S. 261, 271 (1976)). Indeed, the legislative history of the Magistrate Act "emphasized that the purpose of the bill's language was to vest 'ultimate adjudicatory power over dispositive motions' in the district court while granting the 'widest discretion' on how to treat the

2

recommendations of the magistrate." Id. at 675 (quoting S. Rep. No. 94-625, at 10 (1976)).

In exercising that discretion with respect to the Magistrate Judge's F&Rs, particularly in light of the fact that much of the discussion in the F&Rs has been rendered moot by defendant's abandonment of his request for an evidentiary hearing, the court will hold the F&Rs in abeyance pending resolution of Acosta's motion for summary judgment. Of course, in responding to Acosta's motion for summary judgment, the Government remains free to again raise those arguments to which the Magistrate Judge was receptive in his F&Rs.

Accordingly, the court finds no need to hold a status conference at this time; oral argument on Acosta's motion for summary judgment shall remain scheduled for June 8, 2009, at 2:00 p.m. in Courtroom No. 5.

IT IS SO ORDERED.

DATED: April 27, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE