1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10                             ----oo0oo----

11   UNITED STATES OF AMERICA,
                                        NO. CR. 99-270 WBS GGH
12            Plaintiff,

13        v.                            ORDER

14   FRANCISCO ACOSTA ASTORGA,

15            Defendant.
     _____/
16
                               ----oo0oo----
17

18        Soon after defendant Francisco Acosta Astorga completed

19   his sentence of imprisonment, he retained attorneys James Smith

20   and Clyde Blackmon to assist him in the collateral attack of his

21   conviction.  (See Acosta Decl. (Docket No. 186) 2:13-16.)

22   Presently, defendant indicates that he can no longer afford these

23   attorneys' services and requests that the court appoint Mr. Smith

24   to represent him at public expense pursuant to the Criminal

25   Justice Act ("CJA"), 18 U.S.C. § 3006A.

26        Defendant previously submitted such a request on March

27   2, 2009, in the form of a letter from his counsel.  The court

28   held a hearing on the matter on March 16, 2009, in which

                                    1

1  defendant's counsel and counsel for the government appeared.

2  After considering the parties' arguments, the court denied

3  defendant's request; at that time, the evidentiary hearing on

4  defendant's claims had been vacated, and the court found that the

5  "interests of justice" did not require appointment of counsel.

6  18 U.S.C. § 3006A(a)(2).

7       Because the evidentiary hearing on defendant's claims

8  has subsequently been reinstated (see Docket No. 199), defendant

9  is now entitled to appointed counsel pursuant to Rule 8(c) of the

10 Rules Governing Section 2255 Cases in the United States District

11 Courts, which provides, "If an evidentiary hearing is warranted,

12 the judge must appoint an attorney to represent a moving party

13 who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

14 See, e.g., United States v. Duarte-Higareda, 68 F.3d 369, 370

15 (9th Cir. 1995) ("All of the circuits that have discussed the

16 issue agree that [Rule 8(c)] makes the appointment of counsel

17 mandatory when evidentiary hearings are required.").

18       Rule 8(c) requires the court to appoint counsel only

19 when the moving party is not already represented by counsel.

20 Here, defendant is represented by two attorneys who have not

21 sought to withdraw as counsel of record.  In their moving papers,

22 counsel indicate that Mr. Smith will provide most of the required

23 legal services in continuing to prosecute defendant's § 2255

24 petition and that Mr. Blackmon will continue to provide his

25 services on a pro bono basis.  They seek an order allowing for

26 Mr. Smith to be paid for his services from CJA funds.

27       The purpose of Rule 8(c) is to assure that an indigent

28 defendant who is otherwise represented has legal representation

at any evidentiary hearing under § 2255.  It is not to assure

that attorneys who have already contractually undertaken to

represent a defendant are adequately compensated at government

expense.  See generally Rauter v. United States, 871 F.2d 693,

697 (7th Cir. 1989); Rules Governing Section 2255 Cases in the

United States District Courts R. 8(c) advisory committee's notes.

This court's CJA Plan, available at http://www.caed.

uscourts.gov/caed/DOCUMENTS/GeneralOrders/323.pdf, sets forth the

procedures followed in this district for appointment of counsel.

Appendix I contains the plan for the composition, administration,

and management of the panel of private attorneys.  To be eligible

to serve on the panel, attorneys must demonstrate experience in,

as well as knowledge of, the applicable rules, and preference is

to be given to attorneys with experience in the field of criminal

law.  The Plan provides a procedure for selecting panel members,

periodic training, and review of members.

Paragraph B(3) of Appendix I states that, "When a judge

finds special circumstances to exist, an attorney other than a

CJA panel attorney may be appointed to represent a defendant on

an ad hoc basis, provided the attorney has a level of experience

and knowledge that otherwise would qualify the attorney for

membership on the CJA panel."  The court does not find such

special circumstances here.  There is no showing that the court

needs to appoint Mr. Smith under the CJA in order for defendant

to continue to be represented.  Mr. Smith voluntarily undertook

to represent a defendant who has apparently now run out of money

to continue paying him.  Mr. Blackmon has indicated that he will

continue to represent defendant pro bono in this matter, and

3

1   there is no suggestion that Mr. Smith would not do the same.

2          Further, the court is not satisfied from the materials

3   presented that Mr. Smith would qualify for membership on the CJA

4   panel.  His declaration states that he specializes in the

5   practice of "immigration law and post conviction relief."

6   However, all of the experience described in his declaration

7   appears to be in the field of immigration law and deportation

8   proceedings.  It does not appear that his experience in the field

9   of criminal law is such as would ordinarily qualify him for

10  membership on the panel.

11         Under the circumstances, the motion to appoint Mr.

12  Smith to represent defendant so that he can be compensated by the

13  government under the CJA is DENIED.  If both Mr. Smith and Mr.

14  Blackman wish to withdraw from representation of defendant, the

15  court will consider appointment of counsel pursuant to the CJA

16  Plan, supra.

17         IT IS SO ORDERED.

18  DATED:  September 4, 2009

19

20  _____
    WILLIAM B. SHUBB
21  UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28